UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05  11550 NMG NO. _____

LINDA M. GLENNON,      )
   Plaintiff,         )
                       )
                       ) MAGISTRATE JUDGE PBC
-against-              )
                       )  **COMPLAINT AND**
                       )  **JURY DEMAND**
REEBOK, INTERNATIONAL, )
LTD., DONNA FLOOD,     )
Individually and in her official )
capacity at Reebok and DAVID C. )   RECEIPT # 65804
MISCHLER, Individually and in his )  AMOUNT $ 250
official capacity at Reebok,    )    SUMMONS ISSUED Y
   Defendants.      )    LOCAL RULE 4.1
                                     WAIVER FORM
                                     MCF ISSUED
                                     BY DPTY. CLK. TDM
                                     DATE 7/22/05

### Nature of the Action

1. This is an action brought pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2601, *et seq.* for violation of and in retaliation for a protected leave of absence under the FMLA.

### The Parties

2. Plaintiff, LINDA GLENNON ("Plaintiff"), resides at 134 West Lake Drive, Weymouth, Norfolk County, Massachusetts.

3. At al times relevant to this Complaint, Plaintiff was an employee of the Defendant, Reebok International, LTD.

4. Defendant, REEBOK INTERNATIONAL LTD., ("Reebok") is a corporation doing business in the Commonwealth of Massachusetts, with its corporate

headquarters located at 1895 R.W. Foster Boulevard, Canton, Norfolk County, Massachusetts.

5. Defendant, DONNA FLOOD ("Flood") is or at all times relevant to this complaint was the Director of International Footwear Inventory/Operations for Reebok and resides at 160 Brookdale, Kingston, Massachusetts.

6. Defendant, DAVID C. MISCHLER ("Mischler") is or at all times relevant to this complaint was the Vice President of Global Operations for Reebok and resides at 30 Setterland Farm Road, Hanover, Massachusetts.

**Jurisdiction and Venue**

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 29 U.S.C. 2601, *et seq*.

**Factual Background**

8. The Plaintiff was employed in a full time capacity by Defendant Reebok from August, 1994 to September, 2003, except for a brief period of approximately 6 weeks in 1995 when she was laid-off and then rehired by Defendant Reebok.

9. At all times relevant to this complaint, the Plaintiff was employed by Defendant Reebok and in 1999 was promoted to Manager of International Sales Operations.

10. Defendant Reebok is a business which engages in commerce and is in an industry and activity effecting commerce.

11. As a Manager of International Sales Operations, the Plaintiff was responsible for overseeing the area of pricing and sample management, managing the sales order window openings and quarterly uploads of pricing and standard costs, and compiling and issuing the International Product Newsletter.

2

12. As part of the Plaintiff's responsibilities, she had to interface with Defendants Flood and Mischler.

13. Defendant Flood was the Plaintiff's direct supervisor.

14. Defendant Mischler was Defendant Flood's direct supervisor and the Plaintiff's indirect supervisor.

15. As such, both Defendant Flood and Defendant Mischler exercised substantial control over the Plaintiff.

16. At all times relevant to this action, Defendant Reebok employed more than 50 employees at its facility in Canton, Massachusetts where the Plaintiff worked.

17. The Plaintiff suffered from a condition in both feet known as "Hammer Toe" and required treatment, including surgical interventions.

18. The Plaintiff also suffered from a diagnosed condition of bone spurs in her neck and back.

19. As a result of her need for a surgical procedure for her Hammer Toe in June 2003, the Plaintiff requested and was granted approval by Defendant Reebok to take an FMLA leave of absence beginning in June 2003 and continuing until September, 2003.

20. Plaintiff's request for FMLA leave was in full compliance with the requirements of FMLA.

21. Defendant Reebok designated Plaintiff's leave as FMLA leave.

22. The Plaintiff was able to delegate responsibilities to her staff to insure an uninterrupted continuum of work and service while on leave. She was in contact with her staff and was able to monitor and direct the staff as needed.

23. Defendant Reebok and Defendant Flood were aware of the Plaintiff's continuing monitoring and correspondence with her staff.

### Adverse Employment Actions

24. Defendant Flood told the Plaintiff on more than one occasion in 2003 that she wanted to and was considering replacing the Plaintiff because the company needed "fresh young healthy blood."

25. Defendant Flood also told the Plaintiff that she wanted someone who would not be out on disability leave or out having children.

26. The Plaintiff was told by Defendant Flood before she took her FMLA leave in June 2003, and in telephone calls to the Plaintiff at home while she was out on FMLA leave, that the Defendants were looking to replace her with someone younger and someone who wouldn't be out of work on leave due to physical impairments.

27. On or about July 14, 2003, the Plaintiff was told by Defendant Flood not to call or talk with any of the Plaintiff's staff members but to only communicate with Susan Telless, the staff member that Defendant Flood stated she had selected to replace the Plaintiff.

28. On or about August 29, 2003, Defendant Flood called the Plaintiff while the Plaintiff was out on FMLA leave at home recovering from surgery and told the Plaintiff that Flood had made some changes that the Plaintiff was not going to be happy with and that Flood would discuss them with the Plaintiff when Flood returned from Florida.

29. The Plaintiff was terminated from employment on September 4, 2003 by Defendant Flood and Defendant Reebok upon her return from FMLA leave.

30. Defendant Mischler told the Plaintiff that there were no opportunities comparable to her position or otherwise available at Defendant Reebok, when the Plaintiff returned from FMLA.

31. The Plaintiff was also informed by Ted Manley, a decision maker in the HR department at Reebok that there were no comparable positions or any other employment opportunities for her at Reebok.

32. Defendants Reebok and Flood violated the FMLA by making a decision to terminate the Plaintiff while she was protected by her approved FMLA leave.

33. Defendants Reebok and Flood violated the FMLA because the stated reason for the Plaintiff's termination was because she took FMLA leave to have surgical treatment of her physical condition and to recover from said surgery.

34. Defendants Reebok and Flood violated the FMLA because Flood stated that the reason she terminated the Plaintiff and replaced her with Susan Telless was because Flood did not want anyone working under her who may need to take medical leave.

35. Defendant Mischler violated the FMLA by being aware of the actions of his direct report, Defendant Flood, to terminate the Plaintiff because of the Plaintiff's exercising of her right to FMLA leave and by overtly supporting Defendant Flood's actions.

36. Defendant Mischler was aware of the action of Defendant Flood but he did not curtail Defendant Flood's violative comments or behavior towards the Plaintiff or

take any investigatory or disciplinary actions against Defendant Flood for her actions in violation of the FMLA.

37. Defendant Mischler did not intervene and correct the situation with the Plaintiff, but instead informed the Plaintiff that he had to back up his direct report, Defendant Flood.

38. Defendant Flood in June and August of 2003, asked the Plaintiff whether she intended to have children and indicated to the Plaintiff that she did not want anyone on her staff who would go out on leave for the purpose of having children or caring for children.

### Count IV: FMLA Violation

39. The Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 38.

40. The Plaintiff rightfully and lawfully took FMLA leave in the summer of 2003.

41. The Defendant Flood notified the Plaintiff by telephone while she was still out on FMLA leave in August, 2003 that the Plaintiff was going to be terminated and then terminated the Plaintiff immediately after her return from FMLA leave.

42. Defendant Mischler violated the FMLA by being aware of the actions of his direct report, Defendant Flood, to terminate the Plaintiff because of the Plaintiff's exercising of her right to FMLA leave, by overtly supporting Defendant Flood's actions, by failing to curtail Defendant Flood's violative comments or behavior towards the Plaintiff, by failing to take any investigatory or disciplinary actions against Defendant Flood for her actions in violation of the FMLA and by failing

to intervene and correct the situation with the Plaintiff, but instead informing the Plaintiff that he had to back up his direct report, Defendant Flood.

43. Defendants Reebok, Flood and Mischler did not protect the Plaintiff's position while she was out on FMLA leave.

44. Defendants Reebok, Flood and Mischler did not offer her a comparable position upon her return from leave.

45. The actions of the Defendants Reebok, Flood and Mischler in violation of the FMLA were knowing, willful and taken in bad faith.

46. As a result of the actions by the Defendants, the Plaintiff suffered damages, injury and/or illness.

## Count II: Retaliation Claim

47. The Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 46.

48. The Defendants' termination of the Plaintiff for taking FMLA leave, Defendants' failure to protect the Plaintiff's position while she was out on FMLA leave and Defendants' failure to offer the Plaintiff a comparable position upon her return from FMLA leave constitute retaliation against the Plaintiff because she took an authorized and approved FMLA leave.

49. The retaliatory actions by Defendants Reebok, Flood and Mischler were knowing, willful and taken in bad faith.

50. As a result of the actions of the Defendants, the Plaintiff suffered damages, injury and/or illness.

WHEREFORE, The Plaintiff demands that the Court grant the following relief:

1. Enter judgment in favor of the Plaintiff and against the Defendant Reebok and against Defendants Flood and Mischler in their individual capacities;

2. Award back pay (including benefits) to the Plaintiff from the dates of the discriminatory and violative acts through the date of trial;

3. Award liquidated and/or multiple damages against the Defendants;

4. Award statutory interest;

5. Award reasonable attorney's fees, expert witness fees and costs to the Plaintiff; and grant such other and further relief that the Court may deem just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

Dated: July 21, 2005

*/s/ Michael Zeytoonian*
Michael A. Zeytoonian
Hutchings, Barsamian, Cross, Mandelcorn
& Zeytoonian, LLP
Attorney for Plaintiff
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Tel: (781) 431-2231
BBO # 558383

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Linda M. Glennon

**DEFENDANTS** Reebok International LTD.
Donna Flood and
David Mischler    APPENDIX B   CIVIL COVER SHEET

(b) County of Residence of First Listed Plaintiff __Norfolk__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Norfolk__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael A. Zeytoonian
Hutchings, Barsamian, Cross, Mandelcorn
and Zeytoonian  110 Cedar St. Suite 250
Wellesley Hills, MA 02481  781-431-2231

Attorneys (If Known)
Julie B. Brennan, Esq.
Manchel and Brennan, P.C.
199 Wells Avenue, Suite 301
Newton, MA 02459

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- X☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ ~~Medicare Act~~ | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | |
| ☐ 220 Foreclosure | ☒ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.) Violation of FMLA, 29 U.S.C. 2601, et seq. and retaliation for Plaintiff's exercise of her right to take FMLA leave.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 284,000.00 + statutory interest ~~Atty's fees, costs~~
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 7/21/05
SIGNATURE OF ATTORNEY OF RECORD _Michael Zeytoonian_

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUN _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

APPENDIX C  LOCAL COVER SHEET

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Glennon v. Reebok International LTD.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases
              (442 written above 441-444)

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                                    YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?  (SEE 28 USC §2403)
                                                                    YES ☐   NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                    YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                                    YES ☐   NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                                    YES ☒   NO ☐

    A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       EASTERN DIVISION ☒    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

    B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Michael A. Zeytoonian    BBO# 558383
ADDRESS  110 Cedar Street, Suite 250, Wellesley Hills, MA  02481
TELEPHONE NO.  781-431-2231

(AppendixC.wpd - 11/27/00)