UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA M. GLENNON,<br>    Plaintiff,<br><br>v.<br><br>REEBOK INTERNATIONAL, LTD.,<br>DONNA FLOOD, Individually and in<br>her official capacity at Reebok and<br>DAVID C. MISCHLER, Individually<br>and in his official capacity at Reebok,<br>    Defendants. | Civil Case No.: 05-11550NMG |

## DEFENDANT REEBOK INTERNATIONAL, LTD.'S ANSWER AND DEMAND FOR TRIAL BY JURY

Defendant Reebok International, Ltd. ("Reebok") hereby answers and asserts affirmative defenses in response to the Complaint of Plaintiff Linda M. Glennon ("Plaintiff").

### Nature of the Action

1. The allegations contained in Paragraph 1 of the Complaint call for a legal conclusion and thus no response is required. To the extent a response to any of the allegations of Paragraph 1 is required, Reebok denies the allegations contained in Paragraph 1.

### The Parties

2. Reebok lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies the same.

3. Reebok admits the allegations contained in Paragraph 3.

4. Reebok admits the allegations contained in Paragraph 4.

5. Reebok admits the allegations contained in Paragraph 5 except that Donna Flood's title at all times relevant to this Complaint was Senior Director International Sales

Operations/Inventory Management.

6.   Reebok admits the allegations contained in Paragraph 6.

## Jurisdiction and Venue

7.   The allegations contained in Paragraph 7 call for a legal conclusion and thus no response is required.

## Factual Background

8.   Reebok admits the allegations contained in Paragraph 8.

9.   Reebok admits the allegations contained in Paragraph 9.

10.  The allegations contained in Paragraph 10 call for a legal conclusion, thus no response is required. To the extent that a response is required, Reebok admits the allegations contained in Paragraph 10.

11.  Reebok admits the allegations contained in Paragraph 11.

12.  Reebok admits that for the period of time that Plaintiff reported to Donna Flood, Plaintiff interacted with Ms. Flood and, to a lesser extent, Mr. Mischler in the course of performing her duties. Reebok denies the remaining allegations contained in Paragraph 12.

13.  Reebok admits that from 2001 through September, 2003, Donna Flood was Plaintiff's direct supervisor. Reebok denies the remaining allegations contained in Paragraph 13.

14.  Reebok admits that at all times relevant to this action, David Mischler was Donna Flood's direct supervisor and denies the remaining allegations contained in Paragraph 14.

15.  The allegations contained in Paragraph 15 call for a legal conclusion, thus no response is required. To the extent that a response is required, Reebok denies the allegations contained in Paragraph 15.

16.  Reebok admits the allegations contained in Paragraph 16.

17. Reebok lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies the same.

18. Reebok lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies same.

19. Reebok admits that Plaintiff took a leave of absence, but states that it was from July, 2003 through September 3, 2003 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 and therefore denies same.

20. The allegations contained in Paragraph 20 call for a legal conclusion, thus no response is required.

21. The allegations contained in Paragraph 21 call for a legal conclusion, thus no response is required.

22. Reebok denies the allegations contained in the first sentence of Paragraph 22. Further answering, Reebok states that another employee was temporarily assigned to fill in for Plaintiff while she was out on leave. In answering the second sentence of Paragraph 22, Reebok admits that Plaintiff regularly contacted her staff while on leave. Further answering, Reebok states that Ms. Flood told Plaintiff that it was not necessary for her to contact her staff while on leave as another employee had been assigned to perform Plaintiff's responsibilities during her leave.

23. Reebok admits the allegations contained in Paragraph 23.

## Adverse Employment Actions

24. Reebok denies the allegations contained in Paragraph 24.

25. Reebok denies the allegations contained in Paragraph 25.

26. Reebok denies the allegations contained in Paragraph 26.

27. Reebok admits that Ms. Flood told Plaintiff not to contact her staff members while she was out on leave and denies the remaining allegations contained in Paragraph 27.

28. Reebok denies the allegations contained in Paragraph 28.

29. Reebok admits that Plaintiff was informed on September 4, 2003 that she was being removed from her position and that she would have two weeks to search within Reebok to find another position. Reebok denies the remaining allegations contained in Paragraph 29.

30. Reebok denies the allegations contained in Paragraph 30.

31. Reebok denies the allegations contained in Paragraph 31.

32. Reebok denies the allegations contained in Paragraph 32.

33. Reebok denies the allegations contained in Paragraph 33.

34. Reebok denies the allegations contained in Paragraph 34.

35. Reebok denies the allegations contained in Paragraph 35.

36. Reebok denies the allegations contained in Paragraph 36.

37. Reebok denies the allegations contained in Paragraph 37.

38. Reebok denies the allegations contained in Paragraph 38.

## Count IV: FMLA Violation

39. Reebok restates and incorporates by reference its responses to Paragraphs 1 through 38.

40. Reebok denies the allegations contained in Paragraph 40.

41. Reebok denies the allegations contained in Paragraph 41.

42. Reebok denies the allegations contained in Paragraph 42.

43. Reebok denies the allegations contained in Paragraph 43.

44. Reebok denies the allegations contained in Paragraph 44.

45. Reebok denies the allegations contained in Paragraph 45.

46. Reebok denies the allegations contained in Paragraph 46.

### Count II: Retaliation Claim

47. Reebok restates and incorporates by reference its responses to Paragraphs 1 through 46.

48. Reebok denies the allegations contained in Paragraph 48.

49. Reebok denies the allegations contained in Paragraph 49.

50. Reebok denies the allegations contained in Paragraph 50.

### FIRST AFFIRMATIVE DEFENSE

All allegations in the Complaint not specifically admitted are hereby denied.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot bring this action under the principles of laches and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is estopped by her own conduct from bringing this action.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims or allegations are barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she has not suffered any damages.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of the damages claimed by the Plaintiff are not recoverable as a matter of law.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate any damages she claims to have suffered.

## NINTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained any damages, as alleged, such damages were caused by or contributed to, in whole or in part, by the Plaintiff's own actions and/or omissions.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was terminated for legitimate, non-discriminatory reasons.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to produce evidence that her termination was causally related to her leave of absence.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff refused Reebok's unconditional offer to reinstate her to another position.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not have a serious health condition as defined by the Family and Medical Leave Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

Reebok reserves the right after completing discovery to file such additional defenses and actions as may be appropriate.

WHEREFORE, Defendant Reebok International Ltd. denies that the Plaintiff is entitled to the relief demanded in the Complaint or any other relief. Accordingly, Reebok respectfully requests that this Court dismiss the Complaint with prejudice, enter judgment for Reebok, and award its reasonable attorneys' fees, costs, and any such further relief this Court deems just and proper.

**DEFENDANT REEBOK INTERNATIONAL LTD. HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,
REEBOK INTERNATIONAL, LTD.

By its attorneys,

*/s/ Lisa J. Cooney*
Julie B. Brennan (BBO# 564101)
Lisa J. Cooney (BBO #636631)
MANCHEL & BRENNAN, P.C.
199 Wells Avenue
Suite 301
Newton, MA  02459
(617) 796-8920

Dated:  September 19, 2005

## Certificate of Service

I, Lisa Cooney, attorney for Defendants, hereby certify that on this day a true copy of the foregoing was served by overnight mail on counsel for all parties.

*s/Lisa J. Cooney*
Lisa Cooney

Dated: September 19, 2005