UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA M. GLENNON,<br>    Plaintiff,<br><br>v.<br><br>REEBOK INTERNATIONAL, LTD.,<br>DONNA FLOOD, Individually and in<br>her official capacity at Reebok and<br>DAVID C. MISCHLER, Individually<br>and in his official capacity at Reebok,<br>    Defendants. | Civil Case No.: 05-11550NMG |

**DEFENDANT DONNA FLOOD'S ANSWER
AND DEMAND FOR TRIAL BY JURY**

Defendant Donna Flood ("Flood") hereby answers and asserts affirmative defenses in response to the Complaint of Plaintiff Linda M. Glennon ("Plaintiff").

### Nature of the Action

1. The allegations contained in Paragraph 1 of the Complaint call for a legal conclusion and thus no response is required. To the extent a response to any of the allegations of Paragraph 1 is required, Flood denies the allegations contained in Paragraph 1.

### The Parties

2. Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies the same.

3. Flood admits the allegations contained in Paragraph 3.

4. Flood admits the allegations contained in Paragraph 4.

5. Flood admits the allegations contained in Paragraph 5 except that her title at all times relevant to this Complaint was Senior Director International Sales Operations/Inventory

Management.

6. Flood admits that David Mischler's title at all times relevant to this Complaint was Vice President of Global Operations and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 and therefore denies same.

## Jurisdiction and Venue

7. The allegations contained in Paragraph 7 call for a legal conclusion and thus no response is required.

## Factual Background

8. Flood admits the allegations contained in Paragraph 8.

9. Flood admits the allegations contained in Paragraph 9.

10. The allegations contained in Paragraph 10 call for a legal conclusion, thus no response is required. To the extent that a response is required, Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies same.

11. Flood admits the allegations contained in Paragraph 11.

12. Flood admits that for the period of time that Plaintiff reported to her, Plaintiff would interact with her, and, to a lesser extent, Mr. Mischler, in the course of performing her duties. Flood denies the remaining allegations contained in Paragraph 12.

13. Flood admits that from 2001 through September, 2003, she was Plaintiff's direct supervisor. Flood denies the remaining allegations contained in Paragraph 13.

14. Flood admits that at all times relevant to this action, David Mischler was her direct supervisor and denies the remaining allegations contained in Paragraph 14.

15. The allegations contained in Paragraph 15 call for a legal conclusion, thus no response is required. To the extent that a response is required, Flood denies the allegations contained in Paragraph 15.

16. Flood admits the allegations contained in Paragraph 16.

17. Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies same.

18. Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies same.

19. Flood admits that Plaintiff took a leave of absence, but that it was from July, 2003 through September 3, 2003 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 and therefore denies same.

20. The allegations contained in Paragraph 20 call for a legal conclusion, thus no response is required.

21. The allegations contained in Paragraph 21 call for a legal conclusion, thus no response is required.

22. Flood denies the allegations contained in the first sentence of Paragraph 22. Further answering, Flood states that another employee was temporarily assigned to fill in for Plaintiff while she was out on leave. In answering the second sentence of Paragraph 22, Flood admits that Plaintiff regularly contacted her staff while on leave. Further answering, Flood states that she told Plaintiff that it was not necessary for her to contact her staff while on leave as another employee had been assigned to perform Plaintiff's responsibilities during her leave.

23. Flood admits the allegations contained in Paragraph 23.

## Adverse Employment Actions

24. Flood denies the allegations contained in Paragraph 24.

25. Flood denies the allegations contained in Paragraph 25.

26. Flood denies the allegations contained in Paragraph 26.

27. Flood admits that she told Plaintiff not to contact her staff members while she was out on leave and denies the remaining allegations contained in Paragraph 27.

28. Flood denies the allegations contained in Paragraph 28.

29. Flood admits that Plaintiff was informed on September 4, 2003 that she was being removed from her position and that she would have two weeks to search within Reebok to find another position. Flood denies the remaining allegations contained in Paragraph 29.

30. Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and therefore denies the same.

31. Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and therefore denies the same.

32. Flood denies the allegations contained in Paragraph 32.

33. Flood denies the allegations contained in Paragraph 33.

34. Flood denies the allegations contained in Paragraph 34.

35. Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and therefore denies the same.

36. Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and therefore denies the same.

37. Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and therefore denies the same.

38. Flood denies the allegations contained in Paragraph 38.

## Count IV: FMLA Violation

39. Flood restates and incorporates by reference its responses to Paragraphs 1 through 38.

40. Flood denies the allegations contained in Paragraph 40.

41. Flood denies the allegations contained in Paragraph 41.

42. Flood denies the allegations contained in Paragraph 42.

43. Flood denies the allegations contained in Paragraph 43.

44. Flood denies the allegations contained in Paragraph 44.

45. Flood denies the allegations contained in Paragraph 45.

46. Flood denies the allegations contained in Paragraph 46.

## Count II: Retaliation Claim

47. Flood restates and incorporates by reference its responses to Paragraphs 1 through 46.

48. Flood denies the allegations contained in Paragraph 48.

49. Flood denies the allegations contained in Paragraph 49.

50. Flood denies the allegations contained in Paragraph 50.

### FIRST AFFIRMATIVE DEFENSE

All allegations in the Complaint not specifically admitted are hereby denied.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot bring this action under the principles of laches and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is estopped by her own conduct from bringing this action.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims or allegations are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she has not suffered any damages.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of the damages claimed by the Plaintiff are not recoverable as a matter of law.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate any damages she claims to have suffered.

## NINTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained any damages, as alleged, such damages were caused by or contributed to, in whole or in part, by the Plaintiff's own actions and/or omissions.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was terminated for legitimate, non-discriminatory reasons.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to produce evidence that her termination was causally related to her leave of absence.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff refused Reebok's unconditional offer to reinstate her to another position.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not have a serious health condition as defined by the Family and Medical Leave Act.

### FIFTEENTH AFFIRMATIVE DEFENSE

Flood is not liable individually to Plaintiff under the Family and Medical Leave Act.

### SIXTEENTH AFFIRMATIVE DEFENSE

Flood reserves the right after completing discovery to file such additional defenses and actions as may be appropriate.

WHEREFORE, Defendant Donna Flood denies that the Plaintiff is entitled to the relief demanded in the Complaint or any other relief. Accordingly, Flood respectfully requests that this Court dismiss the Complaint with prejudice, enter judgment for Flood, and award her reasonable attorneys' fees, costs, and any such further relief this Court deems just and proper.

**DEFENDANT DONNA FLOOD HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

>
> Respectfully submitted,
> DONNA FLOOD
>
> By her attorneys,
>
> _/s/ Lisa J. Cooney_
> Julie B. Brennan (BBO# 564101)
> Lisa J. Cooney (BBO #636631)
> MANCHEL & BRENNAN, P.C.
> 199 Wells Avenue
> Suite 301
> Newton, MA  02459
> (617) 796-8920

Dated: September 19, 2005

## Certificate of Service

I, Lisa Cooney, attorney for Defendants, hereby certify that on this day a true copy of the foregoing was served by overnight mail on counsel for all parties.

                                                *s/Lisa J. Cooney*
                                                Lisa Cooney

Dated: September 19, 2005