UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
LINDA M. GLENNON,                   )
    Plaintiff,                      )
                                    )   Civil Case No.: 05-11550NMG
v.                                  )
                                    )
REEBOK INTERNATIONAL, LTD.,         )
DONNA FLOOD, Individually and in    )
her official capacity at Reebok and )
DAVID C. MISCHLER, Individually     )
and in his official capacity at Reebok, )
    Defendants.                     )
_____)

**DEFENDANTS REEBOK INTERNATIONAL, LTD., DONNA FLOOD,
AND DAVID MISCHLER'S INITIAL DISCLOSURES PURSUANT
TO FED. R. CIV. P. 26(A)(1) AND LOCAL RULE 26.2(A)**

Defendants Reebok International Ltd. ("Reebok"), Donna Flood and David Mischler (collectively, "Defendants"), pursuant to Fed. R. Civ. P. 26(A)(1) and Local Rule 26.2(A), hereby make the following initial disclosures to Plaintiff Linda M. Glennon ("Plaintiff").

**I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE RELEVANT INFORMATION**

The following individuals are likely to have discoverable information relevant to the disputed facts in this case:

1.  **Linda Glennon**
    134 West Lake Drive
    Weymouth, MA 02188

    Knowledgeable concerning:
    a) Plaintiff's performance issues, including her substandard management and delegation skills;
    b) The adjustments made to Plaintiff's work station by Reebok's Wellness Center;

Case 1:05-cv-11550-NMG    Document 18-2    Filed 11/16/2005    Page 2 of 5

    c) Plaintiff's performance evaluations and Ms. Flood's efforts to counsel, train, and help Plaintiff improve her performance;
    d) Plaintiff's medical issues and leaves of absence;
    e) Ms. Flood's efforts to persuade Plaintiff to transition to a non-management role with Reebok;
    f) The removal of Plaintiff from her management role;
    g) The severance package offered to Plaintiff upon her removal from this role; and
    h) Reebok's offer to Plaintiff of another non-managerial position after Plaintiff's separation from Reebok.

2. **Donna Flood**
c/o Manchel & Brennan, P.C.
199 Wells Avenue, Suite 301
Newton, MA  02459-3345
(617) 796-8920

Knowledgeable concerning:
    a) Plaintiff's performance issues, including her substandard management and delegation skills, while she reported to Ms. Flood;
    b) The adjustments made to Plaintiff's work station by Reebok's Wellness Center;
    c) Plaintiff's performance evaluations and Ms. Flood's efforts to counsel, train, and help Plaintiff improve her performance;
    d) Ms. Flood's temporary assignment overseas;
    e) Ms. Flood's efforts to persuade Plaintiff to transition to a non-management role with Reebok;
    f) The removal of Plaintiff from her management role;
    g) The severance package offered to Plaintiff upon her removal from this role; and
    h) Reebok's offer to Plaintiff of another non-managerial position after Plaintiff's separation from Reebok.

3. **David Mischler**
c/o Manchel & Brennan, P.C.
199 Wells Avenue, Suite 301
Newton, MA  02459-3345
(617) 796-8920

Knowledgeable concerning:
    a) Plaintiff's performance issues, including her substandard management and delegation skills, while she reported to Ms. Flood;
    b) Plaintiff's performance evaluations and Ms. Flood's efforts to counsel, train, and help Plaintiff improve her performance;
    c) Ms. Flood's temporary assignment overseas;

    d) Ms. Flood's efforts to persuade Plaintiff to transition to a non-management role with Reebok;
    e) The removal of Plaintiff from her management role;
    f) The severance package offered to Plaintiff upon her removal from this role; and
    g) Reebok's offer to Plaintiff of another non-managerial position after Plaintiff's separation from Reebok.

4. **Janice Ide**
c/o Manchel & Brennan, P.C.
199 Wells Avenue, Suite 301
Newton, MA 02459-3345
(617) 796-8920

Knowledgeable concerning:
    a) Plaintiff's performance issues, including her substandard management and delegation skills;
    b) The adjustments made to Plaintiff's work station by Reebok's Wellness Center;
    c) Plaintiff's performance evaluations and Ms. Flood's efforts to counsel, train, and help Plaintiff improve her performance;
    d) Plaintiff's removal from her management position;
    e) The severance package offered to Plaintiff;
    f) The position offered to Plaintiff after she was removed from her management position with Reebok, which she refused; and
    g) Plaintiff's leaves of absence.

5. **Ted Manley**
c/o Manchel & Brennan, P.C.
199 Wells Avenue, Suite 301
Newton, MA 02459-3345
(617) 796-8920

Knowledgeable concerning:
    a) Plaintiff's performance issues, including her substandard management and delegation skills;
    b) The adjustments made to Plaintiff's work station by Reebok's Wellness Center;
    c) Plaintiff's performance evaluations and Ms. Flood's efforts to counsel, train, and help Plaintiff improve her performance;
    d) Plaintiff's removal from her management position;
    e) The severance package offered to Plaintiff;
    f) The position offered to Plaintiff after she was removed from her management position with Reebok, which she refused; and
    g) Plaintiff's leaves of absence.

II.     **CATEGORIES OF RELEVANT DOCUMENTS**

The following categories of documents, data compilations, and tangible things are in Defendant Reebok's possession and may be used to support the Defendants' defenses:

1. Plaintiff's personnel file, including but not limited to Plaintiff's performance reviews and information regarding Plaintiff's compensation; and
2. Documents relating to Plaintiff's medical condition(s), including but not limited to information concerning her leaves of absence.

III.    **STATEMENT OF DAMAGES**

Defendants are not seeking to recover any damages from Plaintiff.

IV.     **APPLICABLE INSURANCE AGREEMENTS**

None.

Respectfully submitted,

REEBOK INTERNATIONAL, LTD.,
DONNA FLOOD,
DAVID MISCHLER,

By their attorneys,

*/s/Lisa J. Cooney*
Julie B. Brennan (BBO# 564101)
Lisa J. Cooney (BBO #636631)
MANCHEL & BRENNAN, P.C.
199 Wells Avenue
Suite 301
Newton, MA  02459
(617) 796-8920

Dated: November 16, 2005

4

**Certificate of Service**

    I, Lisa Cooney, attorney for Defendants, hereby certify that on this day a true copy of the foregoing was served by electronic service and mail on counsel for all parties.

_/s/Lisa J. Cooney_
Lisa J. Cooney

Dated: November 16, 2005