UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA M. GLENNON,<br>    Plaintiff,<br><br>v.<br><br>REEBOK INTERNATIONAL, LTD.,<br>DONNA FLOOD, Individually and in<br>her official capacity at Reebok and<br>DAVID C. MISCHLER, Individually<br>and in his official capacity at Reebok,<br>    Defendants. | Civil Case No.: 05-11550NMG |

**DEFENDANT DONNA FLOOD'S ANSWER TO AMENDED COMPLAINT
AND DEMAND FOR TRIAL BY JURY**

Defendant Donna Flood ("Flood") hereby answers and asserts affirmative defenses in response to the Amended Complaint of Plaintiff Linda M. Glennon ("Plaintiff").

**Nature of the Action**

1.    The allegations contained in Paragraph 1 of the Amended Complaint call for a legal conclusion and thus no response is required. To the extent a response to any of the allegations of Paragraph 1 is required, Flood denies the allegations contained in Paragraph 1.

**The Parties**

2.    Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies the same.

3.    Flood admits the allegations contained in Paragraph 3.

4.    Flood admits the allegations contained in Paragraph 4.

5. Flood admits the allegations contained in Paragraph 5.

6. Flood admits that David Mischler's title at all times relevant to this Complaint was Vice President of Global Operations and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 and therefore denies same.

## Jurisdiction and Venue

7. The allegations contained in Paragraph 7 call for a legal conclusion and thus no response is required.

## Procedural Prerequisites

8. Flood admits the allegations contained in Paragraph 8.

9. Flood admits the allegations contained in Paragraph 9.

10. Flood admits the allegations contained in Paragraph 10.

11. Flood admits the allegations contained in Paragraph 11.

## Factual Background

12. Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies the same.

13. Flood admits the allegations contained in Paragraph 13.

14. The allegations contained in Paragraph 14 call for a legal conclusion, thus no response is required. To the extent that a response is required, Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies same.

15. Flood admits the allegations contained in Paragraph 15.

16. Flood admits the allegations contained in Paragraph 16.

17. Flood admits the allegations contained in Paragraph 17.

18. Flood admits that from 2001 through September, 2003, Plaintiff reported to Flood and denies the remaining allegations contained in Paragraph 18.

19. Flood admits that from 2001 through September, 2003, she was Plaintiff's direct supervisor. Flood denies the remaining allegations contained in Paragraph 19.

20. Flood admits that at all times relevant to this action, David Mischler was her direct supervisor and denies the remaining allegations contained in Paragraph 14.

21. The allegations contained in Paragraph 21 call for a legal conclusion, thus no response is required. To the extent that a response is required, Flood denies the allegations contained in Paragraph 21.

22. Flood denies the allegations contained in Paragraph 22.

23. Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore denies the same.

24. Flood admits that during the period 2001 through September, 2003, Plaintiff had four to five direct reports and denies the remaining allegations contained in Paragraph 24.

25. Plaintiff has not alleged with sufficient particularity who "within and outside of Defendant Reebok" commended her work and thus Flood cannot possibly respond to the allegations contained in Paragraph 25. To the extent any response is required, Flood lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

26. Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and therefore denies same.

27. Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and therefore denies same.

28. Flood admits that adjustments were made to Plaintiff's workstation and lacks knowledge or information sufficient to form belief as to the truth of the allegations contained in Paragraph 28 and therefore denies same.

29. The allegations contained in Paragraph 29 call for a legal conclusion and thus no response is required. To the extent any response is required, Flood denies those allegations.

30. The allegations contained in Paragraph 30 call for a legal conclusion and thus no response is required. To the extent any response is required, Flood denies those allegations.

31. The allegations contained in Paragraph 31 call for a legal conclusion and thus no response is required. To the extent any response is required, Flood denies those allegations.

32. Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and therefore denies same.

33. The allegations contained in Paragraph 33 call for a legal conclusion and thus no response is required. To the extent any response is required, Flood denies those allegations.

34. The allegations contained in Paragraph 34 call for a legal conclusion and thus no response is required. To the extent any response is required, Flood denies those allegations.

35. Flood admits that Plaintiff took a leave of absence from July, 2003

through September 3, 2003 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 and therefore denies same.

36. The allegations contained in Paragraph 36 call for a legal conclusion, thus no response is required.

37. The allegations contained in Paragraph 37 call for a legal conclusion, thus no response is required.

38. Flood denies the allegations contained in the first sentence of Paragraph 38. Further answering, Flood states that another employee was temporarily assigned to fill in for Plaintiff while she was out on leave. In answering the second sentence of Paragraph 38, Flood admits that Plaintiff regularly contacted her staff while on leave. Further answering, Flood states that she told Plaintiff that it was not necessary for her to contact her staff while on leave as another employee had been assigned to perform Plaintiff's responsibilities during her leave.

39. Flood admits the allegations contained in Paragraph 39.

### Adverse Employment Actions

40. Flood denies the allegations contained in Paragraph 40.

41. Flood denies the allegations contained in Paragraph 41.

42. Flood denies the allegations contained in Paragraph 42.

43. Flood admits that she told Plaintiff not to contact her staff members while she was out on leave and denies the remaining allegations contained in Paragraph 43.

44. Flood denies the allegations contained in Paragraph 44.

45. Flood lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 45 and therefore denies the same.

46. Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and therefore denies the same.

47. Flood admits that Plaintiff was informed on September 4, 2003 that she was being removed from her position and that she would have two weeks to search within Reebok to find another position. Flood denies the remaining allegations contained in Paragraph 47.

48. Flood denies the allegations contained in Paragraph 48.

49. Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and therefore denies the same.

50. Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and therefore denies the same.

51. Flood admits the allegations contained in Paragraph 51.

52. Flood denies the allegations contained in Paragraph 52.

53. Flood denies the allegations contained in Paragraph 53.

54. Flood denies the allegations contained in Paragraph 54.

55. Flood denies the allegations contained in Paragraph 55.

56. Flood denies the allegations contained in Paragraph 56.

57. Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and therefore denies the same.

58. Flood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and therefore denies the same.

59. Flood denies the allegations contained in Paragraph 59.

### Count I: Age Discrimination – Disparate Treatment

60. Flood restates and incorporates by reference its responses to Paragraphs 1 through 59.

61. Flood denies the allegations contained in Paragraph 61.

62. Flood denies the allegations contained in Paragraph 62.

63. Flood denies the allegations contained in Paragraph 63.

64. Flood denies the allegations contained in Paragraph 64.

### Count II: Disability Discrimination

65. Flood restates and incorporates by reference its responses to Paragraphs 1 through 64.

66. Flood denies the allegations contained in Paragraph 66.

67. Flood denies the allegations contained in Paragraph 67.

68. Flood denies the allegations contained in Paragraph 68.

69. Flood denies the allegations contained in Paragraph 69.

70. Flood denies the allegations contained in Paragraph 70.

### Count III: Gender Discrimination & Sexual Harassment

71. Flood restates and incorporates by reference its responses to Paragraphs 1 through 70.

72. Flood denies the allegations contained in Paragraph 72.

73. Flood denies the allegations contained in Paragraph 73.

74. Flood denies the allegations contained in Paragraph 74.

75. Flood denies the allegations contained in Paragraph 75.

### Count IV: FMLA Violation

76. Flood restates and incorporates by reference its responses to Paragraphs 1 through 75.

77. Flood denies the allegations contained in Paragraph 77.

78. Flood denies the allegations contained in Paragraph 78.

79. Flood denies the allegations contained in Paragraph 79.

80. Flood denies the allegations contained in Paragraph 80.

81. Flood denies the allegations contained in Paragraph 81.

82. Flood denies the allegations contained in Paragraph 82.

## Count V: Retaliation Claim

83. Flood restates and incorporates by reference its responses to Paragraphs 1 through 82.

84. Flood denies the allegations contained in Paragraph 84.

85. Flood denies the allegations contained in Paragraph 85.

86. Flood denies the allegations contained in Paragraph 86.

## FIRST AFFIRMATIVE DEFENSE

All allegations in the Amended Complaint not specifically admitted are hereby denied.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot bring this action under the principles of laches and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is estopped by her own conduct from bringing this action.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims or allegations are barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she has not suffered any damages.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of the damages claimed by the Plaintiff are not recoverable as a matter of law.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate any damages she claims to have suffered.

### NINTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained any damages, as alleged, such damages were caused by or contributed to, in whole or in part, by the Plaintiff's own actions and/or omissions.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was terminated for legitimate, non-discriminatory reasons.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to produce evidence that her termination was causally related to her leave of absence.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff refused Reebok's unconditional offer to reinstate her to another position.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not have a serious health condition as defined by the Family and Medical Leave Act.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not have a disability as defined by the Americans With Disabilities Act and Chapter 151B.

### SIXTEENTH AFFIRMATIVE DEFENSE

Flood reserves the right after completing discovery to file such additional defenses and actions as may be appropriate.

WHEREFORE, Defendant Donna Flood denies that the Plaintiff is entitled to the relief demanded in the Amended Complaint or any other relief.  Accordingly, Flood respectfully requests that this Court dismiss the Amended Complaint with prejudice, enter judgment for Flood, and award her reasonable attorneys' fees, costs, and any such further relief this Court deems just and proper.

**DEFENDANT DONNA FLOOD HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

> Respectfully submitted,
> DONNA FLOOD
>
> By her attorneys,
>
> *s/ Lisa J. Cooney*
> Julie B. Brennan (BBO# 564101)
> Lisa J. Cooney (BBO #636631)
> MANCHEL & BRENNAN, P.C.
> 199 Wells Avenue
> Suite 301
> Newton, MA  02459
> (617) 796-8920

Dated:  February 10, 2006

**Certificate of Service**

    I, Lisa Cooney, attorney for Defendants, hereby certify that on this day a true copy of the foregoing was served by overnight mail and by electronic filing with the Court on counsel for all parties.

*s/ Lisa J. Cooney*
Lisa J. Cooney

Dated: February 10, 2006