UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA M. GLENNON,<br>    Plaintiff,<br><br>v.<br><br>REEBOK INTERNATIONAL, LTD.,<br>DONNA FLOOD, Individually and in<br>her official capacity at Reebok and<br>DAVID C. MISCHLER, Individually<br>and in his official capacity at Reebok,<br>    Defendants. | Civil Case No.: 05-11550NMG |

**DEFENDANT DAVID MISCHLER'S ANSWER TO AMENDED COMPLAINT
AND DEMAND FOR TRIAL BY JURY**

Defendant David Mischler ("Mischler") hereby answers and asserts affirmative defenses in response to the Amended Complaint of Plaintiff Linda M. Glennon ("Plaintiff").

**Nature of the Action**

1.  The allegations contained in Paragraph 1 of the Complaint call for a legal conclusion and thus no response is required. To the extent a response to any of the allegations of Paragraph 1 is required, Mischler denies the allegations contained in Paragraph 1.

**The Parties**

2.  Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies the same.

3.  Mischler admits the allegations contained in Paragraph 3.

4.  Mischler admits the allegations contained in Paragraph 4.

5.  Mischler admits that Donna Flood's title at all times relevant to this Complaint was Senior Director International Sales Operations/Inventory Management and lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 and therefore denies same.

6. Mischler admits the allegations contained in Paragraph 6.

### Jurisdiction and Venue

7. The allegations contained in Paragraph 7 call for a legal conclusion and thus no response is required.

### Procedural Prerequisites

8. Mischler admits the allegations contained in Paragraph 8.

9. Mischler admits the allegations contained in Paragraph 9.

10. Mischler admits the allegations contained in Paragraph 10.

11. Mischler admits the allegations contained in Paragraph 11.

### Factual Background

12. Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies the same.

13. Mischler admits the allegations contained in Paragraph 13.

14. The allegations contained in Paragraph 14 call for a legal conclusion, thus no response is required.  To the extent that a response is required, Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies same.

15. Mischler admits the allegations contained in Paragraph 15.

16. Mischler admits the allegations contained in Paragraph 16.

17. Mischler admits the allegations contained in Paragraph 17.

18. Mischler admits that from 2001 through September, 2003, Plaintiff reported to

Donna Flood and denies the remaining allegations contained in Paragraph 18.

19.  Mischler admits that from 2001 through September, 2003, Donna Flood was Plaintiff's direct supervisor. Mischler denies the remaining allegations contained in Paragraph 19.

20.  Mischler admits that at all times relevant to this action, he was Donna Flood's direct supervisor and denies the remaining allegations contained in Paragraph 20.

21.  The allegations contained in Paragraph 21 call for a legal conclusion, thus no response is required. To the extent that a response is required, Mischler denies the allegations contained in Paragraph 21.

22.  Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies same.

23.  Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore denies same.

24.  Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore denies same.

25.  Plaintiff has not alleged with sufficient particularity who "within and outside of Defendant Reebok" commended her work and thus Mischler cannot possibly respond to the allegations contained in Paragraph 25. To the extent any response is required, Mischler lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

26.  Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and therefore denies same.

27.  Mischler lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 27 and therefore denies same.

28. Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29. The allegations contained in Paragraph 29 call for a legal conclusion and thus no response is required. To the extent any response is required, Mischler denies those allegations.

30. The allegations contained in Paragraph 30 call for a legal conclusion and thus no response is required. To the extent any response is required, Mischler denies those allegations.

31. The allegations contained in Paragraph 31 call for a legal conclusion and thus no response is required. To the extent any response is required, Mischler denies those allegations.

32. Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and therefore denies same.

33. The allegations contained in Paragraph 33 call for a legal conclusion and thus no response is required. To the extent any response is required, Mischler denies those allegations.

34. The allegations contained in Paragraph 34 call for a legal conclusion and thus no response is required. To the extent any response is required, Mischler denies those allegations.

35. Mischler admits that Plaintiff took a leave of absence from July, 2003 through September 3, 2003 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 and therefore denies same.

36. The allegations contained in Paragraph 36 call for a legal conclusion, thus no response is required.

37. The allegations contained in Paragraph 37 call for a legal conclusion, thus no response is required.

38. Mischler lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 38 and therefore denies same.

39. Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and therefore denies same.

### Adverse Employment Actions

40. Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and therefore denies same.

41. Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and therefore denies same.

42. Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and therefore denies same.

43. Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and therefore denies same.

44. Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and therefore denies same.

45. Mischler denies the allegations contained in Paragraph 45.

46. Mischler denies the allegations contained in Paragraph 46.

47. Mischler admits that Plaintiff was informed on September 4, 2003 that she was being removed from her position and that she would have two weeks to search within Reebok to find another position. Mischler denies the remaining allegations contained in Paragraph 47.

48. Mischler denies the allegations contained in Paragraph 48.

49. Mischler denies the allegations contained in Paragraph 49.

50. Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and therefore denies same.

51. Mischler admits the allegations contained in Paragraph 51.

52. Mischler denies the allegations contained in Paragraph 52.

53. Mischler denies the allegations contained in Paragraph 53.

54. Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and therefore denies same.

55. Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and therefore denies same.

56. Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and therefore denies same.

57. Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and therefore denies same.

58. Mischler lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and therefore denies same.

59. Mischler denies the allegations contained in Paragraph 59.

### Count I: Age Discrimination – Disparate Treatment

60. Mischler restates and incorporates by reference its responses to Paragraphs 1 through 59.

61. Mischler denies the allegations contained in Paragraph 61.

62. Mischler denies the allegations contained in Paragraph 62.

63. Mischler denies the allegations contained in Paragraph 63.

64. Mischler denies the allegations contained in Paragraph 64.

### Count II: Disability Discrimination

65. Mischler restates and incorporates by reference its responses to Paragraphs 1

through 64.

66. Mischler denies the allegations contained in Paragraph 66.

67. Mischler denies the allegations contained in Paragraph 67.

68. Mischler denies the allegations contained in Paragraph 68.

69. Mischler denies the allegations contained in Paragraph 69.

70. Mischler denies the allegations contained in Paragraph 70.

**Count III: Gender Discrimination & Sexual Harassment**

71. Mischler restates and incorporates by reference its responses to Paragraphs 1 through 70.

72. Mischler denies the allegations contained in Paragraph 72.

73. Mischler denies the allegations contained in Paragraph 73.

74. Mischler denies the allegations contained in Paragraph 74.

75. Mischler denies the allegations contained in Paragraph 75.

**Count IV: FMLA Violation**

76. Mischler restates and incorporates by reference its responses to Paragraphs 1 through 75.

77. Mischler denies the allegations contained in Paragraph 77.

78. Mischler denies the allegations contained in Paragraph 78.

79. Mischler denies the allegations contained in Paragraph 79.

80. Mischler denies the allegations contained in Paragraph 80.

81. Mischler denies the allegations contained in Paragraph 81.

82. Mischler denies the allegations contained in Paragraph 82.

**Count V: Retaliation Claim**

83. Mischler restates and incorporates by reference its responses to Paragraphs 1 through 82.

84. Mischler denies the allegations contained in Paragraph 84.

85. Mischler denies the allegations contained in Paragraph 85.

86. Mischler denies the allegations contained in Paragraph 86.

## FIRST AFFIRMATIVE DEFENSE

All allegations in the Amended Complaint not specifically admitted are hereby denied.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot bring this action under the principles of laches and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is estopped by her own conduct from bringing this action.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims or allegations are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she has not suffered any damages.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of the damages claimed by the Plaintiff are not recoverable as a matter of law.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate any damages she claims to have suffered.

### NINTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained any damages, as alleged, such damages were caused by or contributed to, in whole or in part, by the Plaintiff's own actions and/or omissions.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was terminated for legitimate, non-discriminatory reasons.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to produce evidence that her termination was causally related to her leave of absence.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff refused Reebok's unconditional offer to reinstate her to another position.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not have a serious health condition as defined by the Family and Medical Leave Act.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not have a disability as defined by the Americans With Disabilities Act and Chapter 151B.

### SIXTEENTH AFFIRMATIVE DEFENSE

Flood reserves the right after completing discovery to file such additional defenses and actions as may be appropriate.

WHEREFORE, Defendant David Mischler denies that the Plaintiff is entitled to the relief demanded in the Amended Complaint or any other relief.  Accordingly, Mischler respectfully

requests that this Court dismiss the Amended Complaint with prejudice, enter judgment for Mischler, and award his reasonable attorneys' fees, costs, and any such further relief this Court deems just and proper.

**DEFENDANT DAVID MISCHLER HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

>
> Respectfully submitted,
> DAVID MISCHLER
>
> By his attorneys,
>
> *s/ Lisa J. Cooney*
> Julie B. Brennan (BBO# 564101)
> Lisa J. Cooney (BBO #636631)
> MANCHEL & BRENNAN, P.C.
> 199 Wells Avenue
> Suite 301
> Newton, MA  02459
> (617) 796-8920

Dated:  February 10, 2006

**Certificate of Service**

    I, Lisa Cooney, attorney for Defendants, hereby certify that on this day a true copy of the foregoing was served by overnight mail and by electronic filing with the Court on counsel for all parties.

                                           *s/ Lisa J. Cooney*
                                           Lisa J. Cooney

Dated: February 10, 2006