## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____ )
LINDA M. GLENNON,                )
    Plaintiff,                   )
                                 )      Civil Case No.: 05-11550NMG
v.                               )
                                 )
REEBOK INTERNATIONAL, LTD.,      )
DONNA FLOOD, Individually and in )
her official capacity at Reebok and )
DAVID C. MISCHLER, Individually  )
and in his official capacity at Reebok, )
    Defendants.                  )
_____ )

## DEFENDANT REEBOK INTERNATIONAL, LTD.'S ANSWER TO AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

Defendant Reebok International, Ltd. ("Reebok") hereby answers and asserts affirmative defenses in response to the Amended Complaint of Plaintiff Linda M. Glennon ("Plaintiff").

### Nature of the Action

1.    The allegations contained in Paragraph 1 of the Amended Complaint call for a legal conclusion and thus no response is required. To the extent a response to any of the allegations of Paragraph 1 is required, Reebok denies the allegations contained in Paragraph 1.

### The Parties

2.    Reebok lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies the same.

3.    Reebok admits the allegations contained in Paragraph 3.

4.    Reebok admits the allegations contained in Paragraph 4.

5.      Reebok admits the allegations contained in Paragraph 5.

6.      Reebok admits the allegations contained in Paragraph 6.

### Jurisdiction and Venue

7.      The allegations contained in Paragraph 7 call for a legal conclusion and thus no response is required.

### Procedural Prerequisites

8.      Reebok admits the allegations contained in Paragraph 8.

9.      Reebok admits the allegations contained in Paragraph9.

10.     Reebok admits the allegations contained in Paragraph 10.

11.     Reebok admits the allegations contained in Paragraph 11.

### Factual Background

12.     Reebok admits the allegations contained in Paragraph 12.

13.     Reebok admits the allegations contained in Paragraph 13.

14.     The allegations contained in Paragraph 14 call for a legal conclusion, thus no response is required.  To the extent that a response is required, Reebok admits the allegations contained in Paragraph 14.

15.     Reebok admits the allegations contained in Paragraph 15.

16.     Reebok admits the allegations contained in Paragraph 16.

17.     Reebok admits the allegations contained in Paragraph 17.

18.     Reebok admits that from 2001 through September, 2003, Plaintiff reported to Donna Flood and denies the remaining allegations contained in Paragraph 18.

19.     Reebok admits that from 2001 through September, 2003, Donna Flood was Plaintiff's direct supervisor.  Reebok denies the remaining allegations contained in

Paragraph 19.

20.     Reebok admits that at all times relevant to this action, David Mischler was Donna Flood's direct supervisor and denies the remaining allegations contained in Paragraph 20.

21.     The allegations contained in Paragraph 21 call for a legal conclusion, thus no response is required.  To the extent that a response is required, Reebok denies the allegations contained in Paragraph 21.

22.     Reebok denies the allegations contained in Paragraph 22.

23.     Reebok admits that Plaintiff was promoted and received raises and bonus payments during her employment with Reebok.

24.     Reebok admits that during the period 2001 through September, 2003, Plaintiff had four to five direct reports and denies the remaining allegations contained in Paragraph 24.

25.     Plaintiff has not alleged with sufficient particularity who "within and outside of Defendant Reebok" commended her work and thus Reebok cannot possibly respond to the allegations contained in Paragraph 25.  To the extent any response is required, Reebok denies those allegations.

26.     Reebok lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and therefore denies the same.

27.     Reebok lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and therefore denies the same.

28.     Reebok admits that adjustments were made to Plaintiff's workstation and lacks knowledge or information sufficient to form belief as to the truth of the allegations

contained in Paragraph 28 and therefore denies same.

29.     The allegations contained in Paragraph 29 call for a legal conclusion and thus no response is required.  To the extent any response is required, Reebok denies those allegations.

30.     The allegations contained in Paragraph 30 call for a legal conclusion and thus no response is required.  To the extent any response is required, Reebok denies those allegations.

31.     The allegations contained in Paragraph 31 call for a legal conclusion and thus no response is required.  To the extent any response is required, Reebok denies those allegations.

32.     Reebok admits that Plaintiff took three leaves of absence during her employment for medical reasons and denies the remaining allegations contained in Paragraph 32.

33.     The allegations contained in Paragraph 33 call for a legal conclusion and thus no response is required.  To the extent any response is required, Reebok denies those allegations.

34.     The allegations contained in Paragraph 34 call for a legal conclusion and thus no response is required.  To the extent any response is required, Reebok denies those allegations.

35.     Reebok admits that Plaintiff took a leave of absence from July, 2003 through September 3, 2003 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 and therefore denies same.

36.    The allegations contained in Paragraph 36 call for a legal conclusion, thus no response is required.

37.    The allegations contained in Paragraph 37 call for a legal conclusion, thus no response is required.

38.    Reebok denies the allegations contained in the first sentence of Paragraph 38.  Further answering, Reebok states that another employee was temporarily assigned to fill in for Plaintiff while she was out on leave.  In answering the second sentence of Paragraph 38, Reebok admits that Plaintiff regularly contacted her staff while on leave.  Further answering, Reebok states that Ms. Flood told Plaintiff that it was not necessary for her to contact her staff while on leave as another employee had been assigned to perform Plaintiff's responsibilities during her leave.

39.    Reebok admits the allegations contained in Paragraph 39.

## Adverse Employment Actions

40.    Reebok denies the allegations contained in Paragraph 40.

41.    Reebok denies the allegations contained in Paragraph 41.

42.    Reebok denies the allegations contained in Paragraph 42.

43.    Reebok admits that Ms. Flood told Plaintiff not to contact her staff members while she was out on leave and denies the remaining allegations contained in Paragraph 43.

44.    Reebok denies the allegations contained in Paragraph 44.

45.    Reebok denies the allegations contained in Paragraph 45.

46.    Reebok denies the allegations contained in Paragraph 46.

47.    Reebok admits that Plaintiff was informed on September 4, 2003 that she

was being removed from her position and that she would have two weeks to search within Reebok to find another position.  Reebok denies the remaining allegations contained in Paragraph 47.

48.     Reebok denies the allegations contained in Paragraph 48.

49.     Reebok denies the allegations contained in Paragraph 49.

50.     Reebok denies the allegations contained in Paragraph 50.

51.     Reebok admits the allegations contained in Paragraph 51.

52.     Reebok denies the allegations contained in Paragraph 52.

53.     Reebok denies the allegations contained in Paragraph 53.

54.     Reebok denies the allegations contained in Paragraph 54.

55.     Reebok denies the allegations contained in Paragraph 55.

56.     Reebok denies the allegations contained in Paragraph 56.

57.     Reebok denies the allegations contained in Paragraph 57.

58.     Reebok denies the allegations contained in Paragraph 58.

59.     Reebok denies the allegations contained in Paragraph 59.

**<u>Count I: Age Discrimination – Disparate Treatment</u>**

60.     Reebok restates and incorporates by reference its responses to Paragraphs 1 through 59.

61.     Reebok denies the allegations contained in Paragraph 61.

62.     Reebok denies the allegations contained in Paragraph 62.

63.     Reebok denies the allegations contained in Paragraph 63.

64.     Reebok denies the allegations contained in Paragraph 64.

## Count II: Disability Discrimination

65.    Reebok restates and incorporates by reference its responses to Paragraphs 1 through 64.

66.    Reebok denies the allegations contained in Paragraph 66.

67.    Reebok denies the allegations contained in Paragraph 67.

68.    Reebok denies the allegations contained in Paragraph 68.

69.    Reebok denies the allegations contained in Paragraph 69.

70.    Reebok denies the allegations contained in Paragraph 70.

## Count III: Gender Discrimination & Sexual Harassment

71.    Reebok restates and incorporates by reference its responses to Paragraphs 1 through 70.

72.    Reebok denies the allegations contained in Paragraph 72.

73.    Reebok denies the allegations contained in Paragraph 73.

74.    Reebok denies the allegations contained in Paragraph 74.

75.    Reebok denies the allegations contained in Paragraph 75.

## Count IV: FMLA Violation

76.    Reebok restates and incorporates by reference its responses to Paragraphs 1 through 75.

77.    Reebok denies the allegations contained in Paragraph 77.

78.    Reebok denies the allegations contained in Paragraph 78.

79.    Reebok denies the allegations contained in Paragraph 79.

80.    Reebok denies the allegations contained in Paragraph 80.

81.    Reebok denies the allegations contained in Paragraph 81.

82.    Reebok denies the allegations contained in Paragraph 82.

**Count V: Retaliation Claim**

83.    Reebok restates and incorporates by reference its responses to Paragraphs 1 through 82.

84.    Reebok denies the allegations contained in Paragraph 84.

85.    Reebok denies the allegations contained in Paragraph 85.

86.    Reebok denies the allegations contained in Paragraph 86.

FIRST AFFIRMATIVE DEFENSE

All allegations in the Amended Complaint not specifically admitted are hereby denied.

SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims upon which relief can be granted.

THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot bring this action under the principles of laches and estoppel.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff is estopped by her own conduct from bringing this action.

FIFTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims or allegations are barred by the applicable statute of limitations.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she has not suffered any damages.

<u>SEVENTHAFFIRMATIVE DEFENSE</u>

Some or all of the damages claimed by the Plaintiff are not recoverable as a matter of law.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

The Plaintiff has failed to mitigate any damages she claims to have suffered.

<u>NINTH AFFIRMATIVE DEFENSE</u>

If the Plaintiff sustained any damages, as alleged, such damages were caused by or contributed to, in whole or in part, by the Plaintiff's own actions and/or omissions.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by the doctrine of waiver.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff was terminated for legitimate, non-discriminatory reasons.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to produce evidence that her termination was causally related to her leave of absence.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff refused Reebok's unconditional offer to reinstate her to another position.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff did not have a serious health condition as defined by the Family and Medical Leave Act.

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff did not have a disability as defined by the Americans With Disabilities Act and Chapter 151B.

<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

Reebok reserves the right after completing discovery to file such additional defenses and actions as may be appropriate.

WHEREFORE, Defendant Reebok International Ltd. denies that the Plaintiff is entitled to the relief demanded in the Amended Complaint or any other relief. Accordingly, Reebok respectfully requests that this Court dismiss the Amended Complaint with prejudice, enter judgment for Reebok, and award its reasonable attorneys' fees, costs, and any such further relief this Court deems just and proper.

**DEFENDANT REEBOK INTERNATIONAL LTD. HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,
REEBOK INTERNATIONAL, LTD.

By its attorneys,


*s/ Lisa J. Cooney*
Julie B. Brennan (BBO# 564101)
Lisa J. Cooney (BBO #636631)
MANCHEL & BRENNAN, P.C.
199 Wells Avenue
Suite 301
Newton, MA  02459
(617) 796-8920

Dated:  February 10, 2006

**Certificate of Service**

I, Lisa Cooney, attorney for Defendants, hereby certify that on this day a true copy of the foregoing was served by overnight mail and by electronic filing with the Court on counsel for all parties.

*s/ Lisa J. Cooney*
Lisa J. Cooney

Dated: February 10, 2006