UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA M. GLENNON,<br>    Plaintiff,<br><br>v.<br><br>REEBOK INTERNATIONAL, LTD.,<br>DONNA FLOOD, Individually and in<br>her official capacity at Reebok and<br>DAVID C. MISCHLER, Individually<br>and in his official capacity at Reebok,<br>    Defendants. | )<br>)<br>)<br>)   Civil Case No.: 05-11550NMG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

The parties to this action may seek the discovery of documents, information and/or testimony which either party contends is personal, confidential, and/or commercially-sensitive in nature. The parties therefore agree that, during the course of this action, if a party or a third-party hereafter produces documents and/or information or testimony occurs which a party contends is personal, confidential, and/or commercially-sensitive in nature, the parties will abide by the terms and conditions set forth in this Joint Stipulation of Confidentiality and Protective Order ("Protective Order") with respect to such documents and/or information. Accordingly, pursuant to Fed. R. Civ. P. 26 and the parties' consent, IT IS HEREBY ORDERED THAT:

    1.    The producing party may designate as "Confidential" such documents, information or testimony hereafter produced or elicited in this action which the party believes in good faith constitute, contain or reflect personal, confidential, and/or commercially-sensitive information or documents.

-2-

2. For the purposes of the Protective Order, "Confidential Materials" shall include the documents, information or testimony, designated as "Confidential" pursuant to Paragraph One and/or any copies, portions, summaries, analyses or excerpts of such documents, information or testimony.

3. All medical and mental health records of the Plaintiff produced by either the Plaintiff or any third-parties and/or medical providers shall be deemed "Confidential Materials" and do not require a written or stamped designation of "Confidential" on the face of any such documents.

4. Access to Confidential Materials and the information they contain or reflect shall be strictly limited to:

(a) attorneys and secretarial and paralegal personnel of the law firms of Manchel & Brennan, P.C. and Hutchings, Barsamian, Cross, Mandelcorn & Zeytoonian, LLP;

(b) the plaintiff;

(c) the defendants Donna Flood and David Mischler, and one person who is designated as an authorized representative of defendant Reebok International, Ltd. Should it become necessary, to assist the defendants in the defense of this action, for any other employee or former employee of defendant Reebok to have access to any Confidential Materials or the information they contain, such access may only be given after prior written notice is given to Plaintiff's counsel and Plaintiff agrees in writing;

(d) outside experts, subject to the provisions of Paragraph Four;

(e) the Court and court employees, and court reporters and stenographic reporters who provide services relating to this action, subject to the provisions of Paragraph 5; and

(f) any other person to whom the producing party agrees in writing or as the Court may direct.

4. The parties' counsel may, to the extent necessary for the prosecution or defense of this action, in good faith, make Confidential Materials available to expert

-3-

witnesses, provided however, that, prior to delivering Confidential Materials to an expert witness, counsel shall require the expert to sign and date an assurance in the following form:

> I hereby acknowledge that I am to receive information and/or documents designated as Confidential Materials pursuant to the terms of the Protective Order dated _____, 2006, in the case of Linda M. Glennon v. Reebok International, Inc., Donna Flood and David Mischler, United States District Court Case No.: 05-11550NMG. I acknowledge receipt of a copy of that Protective Order, and certify that I have read it and that I agree to be bound by the terms and restrictions set forth therein.
>
> I further agree that any Confidential Materials in my custody will be segregated and kept by me in a safe place, and will not be made known to others except in accordance with the terms of said Protective Order. I further understand and agree that any summaries or other documents containing knowledge or information obtained from Confidential Materials furnished to me shall also be treated by me as Confidential Materials, in accordance with the Protective Order. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Protective Order. I also agree to dispose of all Confidential Materials in such manner as I may be instructed after completing my services.

5. To the extent that Confidential Materials or documents which reveal the contents of Confidential Materials are filed prior to trial in this Court, or the substance thereof is revealed in papers filed in this Court or in the transcript of any Court hearings or other proceedings, such materials, papers and/or transcripts shall be segregated and prominently marked in accordance with Paragraph One hereof as being subject to the terms of this Order; and the same shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

## **CONFIDENTIAL**

This envelope contains documents, information and/or testimony designated confidential pursuant to an order entered by the United States District Court for the District of Massachusetts in the above-captioned action. This envelope shall not be opened or unsealed other than by this Court or an employee of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this action.

6. The parties may use Confidential Materials or information contained in such materials in connection with any trial, hearing, motion or other proceeding in this matter, provided that counsel for such party provides opposing counsel with reasonable notice of the intended use so that the producing party may seek a protective order, impoundment order, or other protective measures to prevent or restrict disclosure. Should the producing party seek such protective order, impoundment order, or other protective measures, no disclosure shall be made pending resolution of the issue by the Court or by the agreement of the parties.

7. Every person receiving Confidential Materials pursuant to this Order shall use the same solely for purposes of this action, and shall not use, sell, offer to sell, make available, communicate or give the same or its substance in whole or in part to any other person, entity, firm or organization, except in accordance with this Order.

8. Receipt of documents, information or other materials designated as Confidential Materials pursuant to this Order shall not constitute an acknowledgment that the same are in fact confidential or otherwise legally protectable, and the parties' counsel shall not be obliged to challenge the propriety of any confidentiality designation. Failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

Until and unless the parties may agree or the Court may finally determine that such documents, information or materials are not properly designated as Confidential Materials pursuant hereto, however, the same shall continue to be treated as Confidential Materials in accordance with the terms of this Order.

9. In the event that the Court is required to rule on a claim of confidentiality, the particular documents or things that have been designated confidential shall be submitted to the Court for in camera inspection.

10. By making information and documents designated as Confidential Materials available for use in this action, no party has waived or compromised the confidentiality, admissibility, or protectability of the same.

11. Upon termination and/or resolution of this action, all documents, information and materials designated or treated as Confidential Materials pursuant to this Order shall promptly be returned to counsel for the producing party, or disposed of pursuant to further order of the Court, except that counsel shall be entitled to retain all memoranda or other documents prepared by counsel embodying information derived from any such materials for the purpose of preserving a file relating to this action; provided, however, that no subsequent use shall entail disclosure of any documents or information as to which a claim of confidentiality has been made.

12. This Order may be amended by the agreement of counsel for the parties in the form of an Order that shall be filed and entered by the Court in this case. Nothing herein shall preclude any party to this action from moving to vacate or modify this Order or any provision thereof.

13. Any person to whom Confidential Materials are disclosed shall be subject to the jurisdiction of this Court for purposes of determining, assuring and adjudging compliance with this Order and this jurisdiction shall survive the termination and/or resolution of this action.

Agreed to by the parties and their counsel as of the dates below.

| | |
|---|---|
| LINDA GLENNON | REEBOK INTERNATIONAL, INC.; DONNA FLOOD; and DAVID MISCHLER |
| By her attorney, | By their attorneys, |
| /s/ *Michael A. Zeytoonian* | /s/ *Lisa J. Cooney* |
| Michael A. Zeytoonian (BBO#558383) | Julie B. Brennan (BBO#564101) |
| Hutchings, Barsamian, Cross, Mandelcorn, & Zeytoonian LLP | Lisa J. Cooney (BBO#636631) Manchel & Brennan, P.C. |
| 110 Cedar Street | 199 Wells Avenue, Suite 301 |
| Wellesley, MA 02481 | Newton, MA 02459 |
| (781) 431-2231 | (617) 796-8920 |
| Date: March 27, 2006 | Date: March 27, 2006 |

So Ordered: Subject, specifically to the provisions of Local Rule 7.2,

/s/ NMGorton
Nathaniel M. Gorton, D.J.

Date: 4/19, 2006

-7-