UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA M. GLENNON,<br>   Plaintiff,<br><br>v.<br><br>REEBOK INTERNATIONAL, LTD.,<br>DONNA FLOOD, Individually and in<br>her official capacity at Reebok and<br>DAVID C. MISCHLER, Individually<br>and in his official capacity at Reebok,<br>   Defendants. | Civil Case No.: 05-11550NMG |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO TAKE ADDITIONAL FOUR HOURS OF PLAINTIFF'S DEPOSITION**

Plaintiff Linda Glennon ("Plaintiff") respectfully opposes the Defendants' motion, made pursuant to Fed. R. Civ. P. 26(b)(2), for additional time for Plaintiff's deposition for the reasons stated below and responds to the Defendants' Reebok International Ltd., Donna Flood and David Mischler ("Defendants") motion as follows:

**Procedural facts:**

1.    Plaintiff appeared for her deposition in response to Defendants' notice of deposition on February 8, 2006. Plaintiff had to leave to go to work at 4:00 p.m. so the parties agreed to suspend the deposition and resume it at another scheduled date. Approximately five (5) hours of deposition testimony of the Plaintiff were taken on February 8, 2006.

2.    Following the February 8, 2006 deposition, there were some discussions about settlement and mediation was explored. For that reason, the continuation of Plaintiff's deposition was postponed by mutual agreement. Further, because Defendants'

counsel took the position that they did not want to allow Plaintiff to take any of the Defendants' depositions until the Plaintiff's deposition was completed, the scheduling of said depositions was delayed as well. The scheduling was also delayed in part due to scheduling conflicts of the Defendants, their attorneys and Plaintiff's schedule.

3. The continuation of the Plaintiff's deposition was scheduled for August 1, 2006.

4. After a discussion in which the Defendants' counsel indicated that more time would be needed to complete the Plaintiff's deposition, it was agreed to by the parties and their counsel that the Defendants would be allowed additional time beyond the seven (7) hours allowed by the applicable Federal and local court rules. Plaintiff's counsel also indicated that he would have some follow up questions for the Plaintiff after the Defendants completed their deposition of her.

5. However, just before the Plaintiff's deposition was to continue on August 1, 2006, in telephone conversations between counsel to confirm the timing of said deposition, it became evident that counsel had mutually misunderstood what extension of time had been agreed to. Counsel for the Plaintiff understood the agreement to be that the Defendants would be entitled to four more hours added to the five hours already completed, totaling nine (9) hours, two additional hours beyond the seven hours allowed by the federal rules. Defendants' counsel understood the agreement to mean that Defendants' were entitled to four more hours beyond the original seven hours, totaling 11 hours.

6. In discussing this misunderstanding and in reviewing notes, emails and letters relating to it, it become clear that counsel had in good faith misunderstood each

other and didn't realize it until just prior to the August 1 deposition. Counsel discussed the issue and agreed to compromise and extend the deposition by 5 more hours, totaling ten (10) hours. With that understanding and agreement, three hours of the Plaintiff's continuing deposition were taken on August 1, 2006. The parties thereafter scheduled the remaining two hours of Plaintiff's deposition for September 7, 2006 and Plaintiff made arrangements with her employer accordingly.

7. On September 6, 2006 the day before the deposition was to continue and conclude, Defendants' counsel called Plaintiff's counsel and indicated that in reviewing her outline, she did not believe she could complete the deposition in two hours and requested more time, an additional two hours beyond the ten hours that had been previously agreed to by the parties. This would require four more hours of deposition questioning by the defendants' counsel on September 7, rather than the two hours for which Plaintiff and her counsel had planned.

8. Plaintiff's counsel discussed the request with Plaintiff and they agreed that Plaintiff had already been willing and more than reasonable in allowing additional time, that this issue had been discussed in detail previously and a good faith agreement had been made. Further, Plaintiff believes that the Defendants have been less than forthcoming in their document production, providing a relatively small amount of responsive documents and failing to produce documents that they have or should have had  The Plaintiff is unwilling to now consent to additional time and have to return for a additional day (each time having to make arrangements with her employers).

9. Plaintiff's counsel relayed that response to Defendants' counsel and suggested that if Defendants' felt they needed to make a motion for additional time, then

3

it would be better time management to hold off on taking the remaining Plaintiff's deposition until the Court ruled on the motion. This would also save the Plaintiff from having to come back a fourth day and have to make more arrangements with her employer for the time off. It should also be stated here that the Plaintiff is currently being paid by the hour and the time required to keep coming back for her deposition results in loss of pay.

10. Defendants' counsel indicated that she would rather take the two hours of Plaintiff's deposition on September 7 as originally scheduled so that would give her a better sense of how much additional time she would need to request from the Court. As a result, Plaintiff appeared on September 7, 2006, an additional two hours of deposition testimony was taken, bringing the total time to the previously agreed upon ten hours, and the deposition was suspended pending Defendants' motion and the Court's decision. The instant motion by the Defendants seeking not two but four additional hours followed.

**Discovery-related facts:**

11. In additional to these underlying facts concerning the scheduling of Plaintiff's deposition and the prior agreements to extend it to ten hours, the following facts are also relevant considerations.

12. It is respectfully submitted that while there are several claims in this litigation, they all pertain to the same body of facts and information, involve essentially the same people and are not that factually complex. Further, it is respectfully submitted that the extra deposition time being sought is unreasonably cumulative and duplicative and the information being sought by additional deposition of the Plaintiff has already been sought and/or obtained through other discovery means that are less burdensome and

less expensive to the Plaintiff. For these reason as well, the extra time now being requested for Plaintiff's continuing deposition is not warranted.

13. It should also be noted that Defendants' have requested Interrogatories and received responses from the Plaintiff. Defendants also have the record from the MCAD administrative proceeding, which includes two affidavits from the Plaintiff and several accompanying exhibits. Further, as Defendants' have stated in their motion papers, Plaintiff's have responded and produced significant documents in response to the Defendants' request for production.

14. Defendants state in their motion papers that Plaintiff has produced 2,591 documents in response to Defendants' requests and claim that this volume of documents contributes to the need for more time for Plaintiff's deposition. It is respectfully submitted that the amount of documents should not be seen as an indication of complex facts or information in this case.

15. It should be noted that that in response to Defendants' document request, Plaintiff's counsel advised Defendants' counsel that there were many documents and many were either irrelevant or documents that Reebok likely already had. It was suggested the Defendants' counsel review the documents and then request only what they needed. Defendants' counsel began to review said documents, but then determined that they wanted Plaintiff to produce everything. This decision contributed to the volume of documents Defendants now refer to, a significant part of what is either irrelevant to the claims in this case or is public information that the Plaintiff got from the Defendant Reebok.

16.     For example, documents #975-1321, nearly 350 pages, are pages from Reebok's handbooks, benefits and policies which the Plaintiff copied from Reebok's website.  Likewise, # 538-627 are internal job postings from Reebok's website.  Documents #236-286 are Plaintiff's tax returns.   Documents #287-538 are copies of Plaintiff's payment records from Reebok, records which Reebok already had as well.  These should neither present Defendants with any surprises nor be information that it previously did not have and would not seem to require many questions to the Plaintiff.

17.     Further, Defendants made a Request for Admissions that included 109 requests, many of which were impossible to answer with a mere admit or deny.  While the applicable local court rule, LR, D. Mass 26.1(c) limits the number of Requests for Admissions to 25 requests, the Plaintiff did not object and tried her best to honestly and openly respond to them, often including far more information in her response than was requested.  Plaintiff's reason for providing information and not objecting was because Plaintiff wanted to provide as much relevant information as possible in the hope that it would facilitate meaningful settlement discussions.

**Deposition-related facts:**

18.     While it is certainly up to each attorney how he or she conducts a deposition, plans out strategies and organizes questioning, it is respectfully submitted that some of the time in the Plaintiff's deposition have been spent on issues that are not relevant to the allegations in this lawsuit or spent prolonging questioning on issues after the Plaintiff's responses indicated that she had stated all she knew on the respective questions.  It is respectfully submitted that these lines of questioning were not the most judicious use of time and contribute to the Defendants' need for more time.

19.     For example, Defendants' counsel spent approximately 40 pages of deposition questioning (p.13-53) on February 8, 2006 largely on asking about documents Plaintiff had and where she got them. (Plaintiff's counsel refers to page numbers as a frame of reference only and does not ask or expect the Court to review the transcripts of Plaintiff's deposition. However, should the Court require it, Plaintiff will provide the court with copies.) This could have been done in a shorter, more succinct way.

20. Further, issues that were asked about earlier in the deposition are being revisited. On February 8, 2006, Plaintiff was asked (p. 130-138) about the issue of Defendant Donna Flood suggesting that four women share one hotel room while attending a conference in NYC. That same issue and very similar questions related to it were re-asked on September 7.

21. On February 8, 2006, Plaintiff was asked about a job posting by Reebok which Plaintiff stated said that only 2003 college graduates should apply (p. 210-211). That same issue with similar questions related to it were re-asked on September 7.

22. There were other examples of spending time on questions that had no relevance to the allegations. Defendants' counsel asked Plaintiff several questions about the lawyers she consulted or interviewed before selecting an attorney to represent her, to the extent that at one point, Plaintiff's counsel had to go off the record and ask where she was going with the line of questions about conversations that were protected as privileged. The questions reflected a fascination with the fact that Plaintiff stated that she interviewed approximately 22 lawyers, but there was no relevance to the issues at bar.

23. In another sequence, following up on Plaintiff's prior testimony on August 1 that she had a conversation with her co-workers while walking from Reebok to Baskin-

Robbins, Defendants' counsel spent time on September 7 asking where the Baskin-Robbins was, how far it was from Reebok, etc. These are unnecessary questions: the information is irrelevant, it was obviously walking distance if Plaintiff had testified that they were walking there and it is most likely that Defendants' counsel has visited her clients at Reebok and either knows or can find out how far a walk it is to Baskin-Robbins, if it's relevant.

24. In another prolonged sequence of questions on August 1, Defendants' counsel asked the Plaintiff the same leading questions over and over, despite the fact that Plaintiff answered it several times and her counsel objected to form three times and indicated that the question was asked and answered (p.2-145-147). After Plaintiff had answered the question three times, Defendants' counsel stated: "You have to answer the question. I promise you I'll ask it as many times as I need to. I promise you that." This line of questioning continued for another page after that statement, the Plaintiff answered two more times the same way before the Defendants' counsel moved on.

25. These are examples of why the Plaintiff's deposition has run so long. I apologize for having to point out these trivial details. But it is respectfully submitted that if counsel had been more judicious and stayed focused on the issues alleged, she would not have needed the extra time the Defendants' now seek.

26. It is respectfully submitted that allowing the extra time may facilitate fishing-expedition type questioning and revisiting topics, both of which are prejudicial to the Plaintiff. The Plaintiff is further prejudiced by having to take more amounts of time out of the workweek for yet additional deposition questioning. Not only does Plaintiff

lose pay when she does not work, Plaintiff is also concerned that the extra time off may result in adverse consequences with her employment.

27.   In light of the above, it should be clear that the Plaintiff has been open and forthcoming with information, documentation, discovery responses and deposition testimony, giving the Defendants sufficient relevant information to assess the claims and allegations in this case to either facilitate settlement discussions or prepare to try the case. Any information that the Defendants' counsel might glean from addition time questioning the Plaintiff will most likely be duplicative and cumulative and has or could have been obtained from other discovery means.  It is respectfully submitted that the burden and prejudice to the Plaintiff of more time deposing the Plaintiff clearly outweighs the likely benefit and is disrespectful of her time.  In light of this, Plaintiff is being reasonable in her position and believes that it is unwarranted and unnecessary to take any more time beyond the ten hours already done in her deposition.

28.   In light of the above, it is respectfully requested that the Defendants' motion be denied in its entirety and that the Court grant such other and further relief that it may deem just and proper.

Respectfully submitted,

LINDA GLENNON,
By her attorneys,
*/s/Michael A. Zeytoonian*
Michael A. Zeytoonian, Esq.
(BBO#558383)
HUTCHINGS, BARSAMIAN, CROSS,
MANDELCORN & ZEYTOONIAN, LLP
110 Cedar Street, Suite 250
Wellesley Hills, MA  02481
(781) 431-2231

Dated:  September 8, 2006

9

**CERTIFICATE OF SERVICE**

I, Michael A. Zeytoonian, do hereby certify that on this date, I mailed, first class, postage prepaid, and via electronic filing with this Court, the Plaintiff's Opposition to Defendants' Motion form Leave for an Additional Four Hours of Plaintiff's Deposition to the Defense Counsel of Record below, attorneys for the Defendants:

        Julie B. Brennan, Esq.
        Manchel & Brennan, P.C.
        Attorney for Defendant Reebok
        199 Wells Avenue, Suite 301
        Newton, MA 02459

        */s/ Michael A. Zeytoonian*
        Michael A. Zeytoonian
        Hutchings, Barsamian, Cross, Mandelcorn
        & Zeytoonian, LLP
        110 Cedar Street, Suite 250
        Wellesley Hills, MA 02481
        (781) 431-2231
        BBO# 558383

Date: September 8, 2006